WILLIAM D. RICHARDSON v. THE STATE.

*No. 277.  Decided January 27.*

1. **Murder — Charge of Court — Presumption of Intent.**—On a trial for murder, where the evidence presented the issue of intentional or accidental shooting, *held*, that as to such issue it was error for the court to charge the jury, " that the law is, that when an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention; and therefore, if the jury should find from the evidence that defendant was in fact the person who shot and killed deceased, if he was shot and killed, then the law presumes that defendant intended to injure deceased, and it rests with defendant to show the accident or innocent intention." Following with approval Jones v. The State, 13 Texas Cr. App., 1.

2. **Same — Evidence Incompetent and Irrelevant.** — On a trial for murder, where the State was permitted to prove by a witness, over objection of defendant, that on the afternoon before the homicide the defendant, who was then drunk, told the witness " that he had a good pistol and was going to use it, and that one of his (defendant's) wife's relatives has persuaded his boy to leave home," and that defendant seemed incensed, *held*, the evidence was incompetent and not relevant for any purpose, and should not have been received.

APPEAL from the District Court of Callahan.   Tried below before Hon. T. H. CONNER.

On a trial for the murder of one Steve D. Beasley, appellant was convicted of murder of the second degree, his punishment being assessed at a term of five years imprisonment in the penitentiary.

In substance, the evidence, as set out in the statement of facts, shows that appellant, Richardson, and Steve Beasley, deceased, had been and were friends up to the evening of the shooting, which occurred between 8 and 9 o'clock p. m. on the 12th of August, 1890.   The parties had been drinking and talking loud during the afternoon, and were considerably intoxicated, especially the defendant.   They ate supper together at a restaurant.   Just before the shooting, they were seen, in a crowd, in a vacant lot in the town of Baird, where a party, called by the witnesses " a Cheap John," was selling his wares from a wagon.   Defendant, deceased, and one Pink Ligon got up into and remained for some few moments in the Cheap John's wagon.   Ligon spoke to defendant, and said, " Let's go," and the three got down from the wagon and started off, deceased being somewhat in the rear.   When they had proceeded some twenty steps from the wagon a pistol shot was fired, and Beasley, the deceased, was shot, from the effects of which he died in about twenty-four hours.   Most of the witnesses identified Richardson, the defendant, as the party who shot.   After the shooting, Richardson and Ligon both came back to, and Ligon took the wounded man to a beer saloon, where his wound was examined and treated by a physician.

Echols, a State's witness, testified, that a few minutes after the wounded man was carried by Ligon into the saloon, defendant came in, and said, " What is the matter, Beasley—what is the matter ?" and " Beasley made no answer."   Defendant was arrested some fifteen or twenty minutes after the shooting, by Deputy Sheriff Lee, in front of Hadley's livery stable.   He was talking to Hadley.   Hadley testified that defendant had just before his arrest come to his stable; seemed somewhat excited; said " he regretted what had happened; that Beasley was as good a friend as he had."   The witness Seay testified: " Before defendant was arrested he came into my saloon, and I said to him, ' Bill, if you have shot Beasley, you had better skip.'   He replied, ' I have done nothing for which to skip.   If I shot Beasley, it was wholly and purely accidental.   He and I are and have always been the best of friends.' "

The following is a portion of the testimony of the witness Lee, which was admitted over objection of defendant, viz.:   "On the afternoon before the shooting the defendant told me he had a good pistol in his wagon, and that he was going to use it.   He seemed to be drunk when he was talking to me.   He said some one of his wife's relations, Light, I think, had persuaded his boy to leave home, and he seemed incensed against him."

No briefs have come into the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for murder of the second degree, with punishment of five years confinement in the penitentiary.

The evidence presented the issue as to whether the pistol was discharged by appellant accidentally or voluntarily, the deceased being killed by the shot. Upon this issue, the court instructed the jury: "But in this connection you are further charged, that the law is, that when an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention; and therefore, if the jury should find from the evidence that defendant was in fact the person who shot and killed Beasley, if he were shot and killed, then the law presumes that defendant intended to injure Beasley, and it rests with the defendant to show the accident or innocent intention."

Appellant, by counsel, excepted specially to this charge, reserving his bill of exceptions at the proper time. In so instructing the jury the court erred. The writer feels incompetent to add anything to the research and argument of Judge Willson on the subject. The opinion will be found in Jones v. The State, 13 Texas Criminal Appeals, 1.

We are of opinion that what defendant said to witness Lee regarding some one of his wife's relatives persuading his boy to leave him was not competent evidence. It was not relevant for any purpose, and should not have been received.

Because the court erred in the charge specified above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.